61 F.3d 904
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mary Louise A. ORSINI, Plaintiff-Appellant,
v.
EAST DETROIT PUBLIC SCHOOLS, Antonio Nucci, Charles Harwood,
Peter Voyandoff, Eugene Kaminski, Mary Kay
Chuckran, Dr. John F. Gardiner, and
Raymond J. Berlin, Defendants-Appellees.
 No. 94-1300.
 United States Court of Appeals, Sixth Circuit.
 July 19, 1995.
 
 Before: LIVELY, NELSON, and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Mary Louise Orsini challenges the district court's grant of summary judgment, Fed.R.Civ.P. 56(c), to Defendant East Detroit Public Schools ("EDPS") and a number of individual defendants upon finding that plaintiff failed to prove a prima facie case for either sex discrimination under Title VII, 42 U.S.C. Sec. 2000e et seq., or age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. Sec. 621. For the reasons stated herein, we affirm the decision of the district court.
 
 I.
 
 2
 Orsini is a 47-year-old woman who is employed by the East Detroit Public School District. She taught English from 1967 until 1988, when the District assigned her as a temporary school psychologist for the 1988-89 school year. She had been working toward her Ph.D. in Educational and Clinical Psychology. At the time of the assignment, two fully-approved younger male psychologists worked at the school.
 
 
 3
 Orsini had some difficulty fulfilling her duties as a school psychologist. A number of her supervisors, including Thomas Buran, the District's director of special education and a certified school psychologist, indicated concern over Orsini's delay in preparing written reports on the children counselled and the verbosity of the reports submitted. The school notified Orsini of her supervisors' concerns, but her performance did not improve. In both 1989 and 1990, Buran prepared memoranda outlining Orsini's performance problems. Specifically, he noted that Orsini, while very enthusiastic and well-received by her students, consistently failed to timely write and submit reports and limit herself to the necessary tasks of the job.
 
 
 4
 When Buran retired in the summer of 1990, Mary Kay Chuckran replaced him as the director of special education. Being aware of Orsini's performance problems, Chuckran met with Orsini in June 1990, wherein Orsini agreed in writing to, in part, use a dictating machine and complete tardy reports. In return, Chuckran agreed to lessen Orsini's case load and provide her with a social worker.
 
 
 5
 Orsini once again fell behind in her work, however, and on January 9, 1992, a special conference committee recommended that Orsini be reassigned to a teaching position at the school. The recommendation was effected and Orsini has taught English at the school since that time. While the teaching position does not involve duties as a psychologist, it pays the exact salary and benefits that Orsini received as a school psychologist.
 
 
 6
 In January 1993, Orsini filed a complaint with the Equal Employment Opportunities Commission ("EEOC") alleging violations of Title VII and the ADEA. The EEOC, however, dismissed her complaint as untimely filed. In April 1993, Orsini filed a complaint in federal court alleging a violation 42 U.S.C. Sec. 1981 and the ADEA. Specifically, Orsini claimed that the EDPS reassigned her to a teaching position simply on the basis of her sex and age. She claimed that the school did not assign the younger male psychologists as much work and did not require them to meet as strict of deadlines in preparing reports. After treating Orsini's Sec. 1981 claim as Title VII claim and determining that she failed to state a prima facie case for sex or age discrimination, the district court granted defendants summary judgment.
 
 II.
 
 7
 This court reviews grants of summary judgment de novo, using the same test used by the district court. Moore v. Philip Morris Cos., 8 F.3d 335, 339 (6th Cir.1993). Pursuant to Fed.R.Civ.P. 56(c), a court will grant summary judgment to the moving party only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." That is, once the moving party has met its burden, the non-moving party must make a "showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Failure to do so entitles the moving party to judgment as a matter of law. Id. at 323.
 
 
 8
 In cases of employment discrimination, the plaintiff must both prove a prima facie case of employment discrimination and rebut at the summary judgment stage, any "legitimate, nondiscriminatory explanation proffered by the employer" for its conduct. Gagne v. Northwestern Nat'l Ins. Co., 881 F.2d 309, 312 (6th Cir.1989). Under the standard enunciated by cases such as Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 252-55 (1981),
 
 
 9
 First, the plaintiff has the burden of proving by the preponderance of the evidence the evidence of a prima facie case of discrimination. Second, if the plaintiff succeeds in proving a prima facie case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." Third, ... the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.
 
 
 10
 Gagne, 881 F.2d at 313 (quoting Burdine ).
 
 A.
 
 11
 The timely filing of an EEOC complaint is a "jurisdictional prerequisite" for both a Title VII suit and an ADEA suit. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 798 (1973); see 42 U.S.C. Sec. 2000e-5(e); 29 U.S.C. Sec. 626(c). That is, a plaintiff generally must file a claim for employment discrimination with the EEOC within 180 or 300[1] days of the alleged discriminatory action. While a district court may toll the filing period where a plaintiff alleges and proves ignorance of the law, lack of notice or some other justification, failure to timely file without proof of justification precludes a subsequent federal suit on those claims. EEOC v. Wilson Metal Casket Co., 24 F.3d 836, 839 (6th Cir.1994).
 
 
 12
 The EEOC dismissed Orsini's discrimination claims as untimely filed. Defendants brought this to the attention of both the plaintiff and the district court. Orsini, however, never alleged justification[2] and the district court, for reasons unknown, ignored the issue. Given that the EEOC filing requirement is a "jurisdictional prerequisite," we believe that the district court should have considered the issue. Further, we find that if the district court had considered the issue, it would have dismissed the complaint on these grounds as Orsini has failed to establish a justification for tolling.[3]
 
 B.
 
 13
 Assuming for purposes of discussion that Orsini's failure to timely file did not bar this action, we hold that dismissal was proper as she failed to make a prima facie case for either age or sex discrimination. She bore the burden of demonstrating that: (1) she was a member of the protected class, i.e., a female or an individual between the ages of 40 to 65 years of age; (2) she was subjected to an "adverse employment action" by the defendants; (3) she qualified for the position at issue; and (4) she was replaced by a person not a member of the protected class. Gagne, 881 F.2d at 313; see also McDonnell Douglas Corp., 411 U.S. at 802.
 
 
 14
 We find that plaintiff failed to establish two elements of her prima facie case. First, as to her Title VII claim, Orsini failed to establish that "a person not a member of the protected class at issue" replaced her. EDPS replaced Orsini with a female psychologist, not a male. This fact defeats her Title VII suit. See Meredith v. Beech Aircraft Corp., 18 F.3d 890, 897 (10th Cir.1994) (female plaintiff failed to establish prima facie case of disparate treatment because replacement was part of a protected group); Green v. School Bd. of Hillsborough County, 25 F.3d 974, 978 (11th Cir.1994) (plaintiff's racial discrimination claim failed because plaintiff presented no evidence that position she sought was actually awarded to member of non-protected class).
 
 
 15
 Second, as to both her Title VII and ADEA claims, Orsini has not established that she suffered an adverse employment action. While she does not currently work as a psychologist in the school system, she receives the same salary and benefits as she had received while a school psychologist. Further, contrary to her position, that fact that the transfer has left her unable to "moonlight" as a psychologist does not render the intra-school transfer an adverse action. She thus has failed to establish the second element of her prima facie case for age and sex discrimination.
 
 C.
 
 16
 Further, we note that Orsini's failure to rebut defendants' legitimate, nondiscriminatory reason for reassigning her to a teaching position justifies summary judgment in favor of defendants. See, e.g., Cox v. Kentucky Dept. of Transp., 53 F.3d 146, 151 (6th Cir.1995) (affirming grant of summary judgment to defendants after determining that plaintiff failed to meet his burden of proof on the pretext issue); Gagne, 881 F.2d at 316. Defendants argue and offer record support that they reassigned Orsini to a teaching position after she was unable to meet the time requirements of the position, thereby shifting the burden to Orsini to prove that the proffered defense is pretextual. Gagne, 881 F.2d at 313 (citations omitted). To prove pretext, she had to introduce, "counter-affidavits and argumentation that demonstrate that there is reason to disbelieve this particular explanation...." Id. at 314 (citation omitted). She cannot "rely solely upon proof that younger individuals were consistently favored over [her]." Cox, 53 F.3d at 151 (citing Barnhart v. Pickrel, Schaeffer & Ebeling Co., 12 F.3d 1382, 1395 (6th Cir.1993)). Plaintiff has to provide this court evidence on which to find pretext.
 
 
 17
 As to her Title VII claim, we find a complete lack of evidence of pretext. As to her ADEA claim, it is not sufficient that Chuckran, her supervisor, may have made a comment to the effect that she could hire two individuals right out of college for the amount she had to pay Orsini. An isolated discriminatory statement is meaningless without proof that she was treated differently from younger workers during her employment. See, e.g., Harris v. Wal-Mart, 658 F.Supp. 62 (E.D.Ark.1987). Plaintiff offers no other "evidence" of disparate treatment on the basis of age. Rather, she relies either on her subjective opinion that she performed all the necessary tasks of the job or the fact that she was the only school psychologist over the age of forty. Neither is sufficient. See Johnson v. United States Dept. of Health and Human Servs., 30 F.3d 45, 48-49 (6th Cir.1994) (insufficient to offer own subjective testimony that plaintiff more qualified for the job that the selectee).
 
 
 18
 AFFIRMED.
 
 
 
 [1]
 In ADEA cases, the time period for filing may extend to 300 days if the alleged unlawful practice occurs in a "deferral state," 29 U.S.C. Sec. 633(b), which Sec. 633(b) defines as a state which has enacted its own laws prohibiting age discrimination in employment and has authorized a state agency to seek relief for the claimant
 
 
 [2]
 Nor does she argue justification in her brief to this court
 
 
 [3]
 Defendants also argue that Orsini's failure to formally allege a Title VII claim in her complaint entitles them to judgment. Given that we find plaintiff's claims to fail as a matter of law notwithstanding this omission on her part, however, we find it unnecessary to decide this issue