NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0362n.06
Filed: May 6, 2005

No. 04-3224

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

RICHARD MOORE,

      Plaintiff-Appellee,

                                  ON APPEAL FROM THE
v.                                UNITED STATES DISTRICT
                                    COURT FOR THE SOUTHERN
CITY OF COLUMBUS,                DISTRICT OF OHIO

      Defendant-Appellant.

_____/

Before:      MARTIN, COOK and LAY, Circuit Judges.[*]

PER CURIAM. Richard Moore is a police officer in the Columbus Police Division. After his failed application for a civilian position at the Division, he filed this suit against the City of Columbus alleging age discrimination. A jury found in Moore's favor, and he was awarded $189,584 in future, actual and liquidated damages. Because we find no adverse employment action, we **REVERSE** the district court's denial of the City's motion for judgment as a matter of law and **VACATE** the district court's judgment for Moore.

I.

Richard Moore has been an employee of the City of Columbus Police Division since 1967. From 1974 to 1989, Moore was a Detective in the Burglary Squad. In 1989, he voluntarily

---

[*]The Honorable Donald P. Lay, United States Circuit Judge for the Eighth Circuit, sitting by designation.

transferred to the Pawn Shop Squad, where he still works as a Detective. On July 14, 1999, the Police Division posted an employment opening for a civilian Property Evidence Technician within the Division's Crimes Against Property Section. Moore was one of several hundred applicants for the position. Moore claims that if he had been selected for the new position, he would have retired from his police officer job so that he could accept the civilian position.

Lieutenant David Perkins was allegedly given the task of interviewing candidates and given the authority to select someone for the open position. Perkins arranged a panel to interview the candidates, which was composed of Nicole Leatherby, the human resources manager for the Division, Sergeant Jeffrey Blackwell, who was a sergeant in the Crimes Against Property Section, and himself. It was Perkins's understanding that the panel would conduct the interviews, but that he would make a recommendation to the Chief of Police as to which candidate was best for the position. Perkins chose to interview five of the applicants, including Moore. During his interview, Moore told the panel that he wished to retire as a police officer, collect his pension and fill the open position as an Evidence Technician. After all of the interviews, Perkins decided to recommend another applicant, Deborah Lanata, for the position. Lanata, who was thirty-one-years-old at the time, was subsequently selected to fill the opening.

On February 18, 2000, Moore filed a complaint with the Ohio Civil Rights Commission and the Equal Employment Opportunity Commission alleging age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621, in his non-selection for the Property Evidence Technician position. The Equal Employment Opportunity Commission sent Moore a right-to-sue letter on April 7, and Moore filed this action on September 15. On April 24, 2002, the district court

denied the City's motion for summary judgment, holding that Moore satisfied the elements of a prima facie case of age discrimination. According to the court, Moore did not have to establish that his appointment to the new position would have been a promotion because Moore's planned retirement from his current position transformed his claim into a "failure-to-hire," rather than a "refusal-to-transfer," case.

The case proceeded to a jury trial on January 12, 2004. The court denied the City's motion and renewed motion for judgment as a matter of law, relying on its earlier decision denying the City's motion for summary judgment. On January 15, the jury entered a verdict in favor of Moore, awarding him actual damages of $51,461 and future damages of $86,662. The court also awarded $51,461 in liquidated damages. The City appealed the district court's denial of the City's motion for summary judgment, the denial of its motion and renewed motion for judgment as a matter of law and several damages and evidentiary rulings made throughout the course of the trial.

II.

This Court reviews a district court's denial of judgment as a matter of law de novo. *White v. Burlington N. & Santa Fe Ry. Co.*, 364 F.3d 789, 794 (6th Cir. 2004) (en banc). "In determining whether a motion should have been granted, we must review the entire record, we 'must draw all reasonable inferences in favor of the nonmoving party, and [we] may not make credibility determinations or weigh the evidence.'" *McCombs v. Meijer, Inc.*, 395 F.3d 346, 352 (6th Cir. 2005) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)). Judgment as a matter of law is appropriate where "a party has been fully heard on an issue and there is no

legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed.

R. Civ. P. 50(a)(1).

III.

We begin, and end, our analysis of this case by considering the City's claim that it should

have been awarded judgment as a matter of law because Moore did not suffer a materially adverse

employment action. According to the City, because this is a "refusal to transfer" case under the Age

Discrimination in Employment Act, Moore is required to show a "*materially adverse* change in the

terms or conditions of . . . employment because of [the] employer's conduct." *Kocsis v. Multi-Care*

*Mgmt., Inc.*, 97 F.3d 876, 885 (6th Cir. 1996) (quotation marks omitted). The City alleges that

Moore did not suffer an adverse employment action because Moore's appointment to the Property

Evidence Technician position would have been an internal transfer and would not have been a

promotion.

The district court rejected the City's argument on this issue, holding that Moore had shown

a materially adverse employment action merely by showing that he applied for the open position and

that his application was denied. In denying the City's motion for summary judgment, the court

stated its reasoning:

> The Court finds that the unique facts of this case place it outside the realm of typical
> cases involving an employer's refusal to transfer an employee. Plaintiff was, and is,
> eligible to retire. He intended to retire and then work in a civilian position within the
> Division. He made this known to [the City]. Given [Moore's] retirement status, this
> case more closely resembles a failure to hire than a refusal to transfer, because
> [Moore's] stated plan was to end his present employment, by retiring, and begin
> working anew as a civilian employee. In this sense, [Moore's] past and present
> employment at the Division is relevant to this case only insofar as it shows he was

> qualified for the position of Property Evidence Technician. Hence, viewing the facts in the light most favorable to [Moore], [the City's] failure to select [Moore] for the position was an adverse employment action, and [Moore] has therefore satisfied the elements of a prima facie case of age discrimination.

In our view, the district court erred in finding that the City's failure to select Moore for the open position was an adverse employment action. Moore was a Detective in the City's Police Division when he learned of the opening for a civilian Property Evidence Technician. He decided to apply for the position, and planned to retire from his current position as a Detective if awarded the new job. Regardless of whether Moore planned to retire from his current position if selected for the open position, his change in jobs would have been a transfer, as both jobs were within the same Division at the same employer. In fact, Moore never terminated his employment with the Department. We can find no logical basis, or any legal support, for the district court's treating Moore differently than other internal transfers merely because he had decided to retire from his current job if he were awarded the new position.

Thus, under well-established case law in this Circuit, Moore is required to demonstrate that the decision not to hire him for the open position was a materially adverse employment action. In cases such as this, where an employee wants to transfer to a new position within the same organization, this Court requires the employee to show that the transfer would have been a promotion. For example, in *Mitchell v. Vanderbilt University*, 389 F.3d 177, 183 (6th Cir. 2004), a panel of this Court recently held that a pathology professor at Vanderbilt University could not establish that he suffered an adverse employment action where the University failed to appoint him to a new position within the University. In rejecting the professor's age discrimination claim on this ground, the Court stated that it could "find nothing to indicate that the appointment [to the open

position] would have provided an increased salary, significantly changed responsibilities, a more distinguished title, or a gain in benefits." *Id.* (citing *Kocis*, 97 F.3d at 886).

Similarly, in the present case, there is no evidence suggesting that Moore's appointment to the Property Evidence Technician position would have been a promotion. It is uncontested that Moore was making more money in his position as a Detective than he would have made as a Property Evidence Technician. Moreover, Moore has presented no evidence suggesting that he would have received a more distinguished title or greater benefits if he had been awarded the new job. *Cf. Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 128 (2d Cir. 2004) ("Clearly, an employer's denial of a transfer request that would have resulted in a reduction in pay and the employee's demotion with the organization, without more, does not constitute an adverse employment action."). While Moore would have retired from his position as a Detective, and thus would have been earning retirement benefits if selected for the new position, this income is not properly considered in the present calculation, as it is paid by a third party, the Ohio Police and Fire Pension Fund, rather than the employer. *See Orsini v. E. Detroit Pub. Sch.*, No. 94-1300, 1995 WL 428426, at *3 (6th Cir. July 19, 1995) (holding that an intra-school transfer was not an adverse employment action despite the fact that the transfer kept plaintiff from "moonlighting" as a psychologist). Finally, although Moore's application for the Property Evidence Technician position unquestionably indicates that he considered the job desirable, in part because, in his view, it would be less stressful, "a plaintiff's subjective impression concerning the desirability of one position over another generally does not control with respect to the existence of an adverse employment action." *Mitchell*, 389 F.3d at 183 (citations omitted). In our view, Moore did not suffer an adverse

employment action in the present case. Thus, he is unable to establish a prima facie case of age

discrimination under the Age Discrimination in Employment Act.

IV.

For the aforementioned reasons, we hold that the district court erred by not granting the City

judgment as a matter of law in this case based on the absence of an adverse employment action. We

therefore **REVERSE** the district court's denial of the City's motion for judgment as a matter of law,

and **VACATE** its judgment for Moore.