Debbie BIRDSONG, et al., Plaintiffs,

v.

The CITY OF MEMPHIS, Defendants.

No. 01–2953 M1/A.

United States District Court,
W.D. Tennessee,
Western Division.

Feb. 13, 2003.

Stuart B. Breakstone, Esq., Morton & Germany, Memphis, TN, for Plaintiffs.

Delaine R. Smith, Esq., Louis P. Britt, III, Esq., Chad Ashley Dickson, Ford & Harrison LLP, Earle J. Schwarz, Esq., Glankler Brown, PLLC, Memphis, TN, for Defendants.

**ORDER DENYING MOTION TO CERTIFY CLASS and GRANTING IN PART and DENYING IN PART DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS, OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT**

MCCALLA, District Judge.

Before the Court is Plaintiff's Rule 23 Motion to Certify Class, filed on March 8, 2002. Defendant filed a response on April 15, 2002,

to which Plaintiff responded on May 18, 2002. At the Court's request, Plaintiff and Defendant both filed supplemental memorandums of law concerning the commonality requirement for class certification on January 13, 2003.

Defendant also filed a Motion for Judgment on the Pleadings or, Alternatively, for Summary Judgment on Plaintiffs' Title VII claims on May 20, 2002. Plaintiff responded on June 19, 2002 and Defendant replied on July 3, 2002. For the reasons below, the Court DENIES the Motion to Certify Class and GRANTS in part and DENIES in part Defendant's Motion for Judgment on the Pleadings, or, Alternatively, for Summary Judgment.

### Background

Plaintiffs are seven females who are currently, or were formerly employed as police officers for Defendant City of Memphis. Plaintiffs filed their Complaint on November 28, 2001, alleging claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; 42 U.S.C. § 1983; and the Tennessee Human Rights Act. The Plaintiffs "seek to represent the class of present and past female police officers subjected to a classwide practice of sex-based discrimination by the Defendant." (Pl. Resp. to Def. Mot. for Summ. J. at 2.)

Plaintiffs' Complaint includes both individual and general allegations. Plaintiff Birdsong alleges that she was denied a bid to the Street Crime Abatement Team on the basis of her sex; denied "other promotions;" and was "denied access to equal police procedures with regard to officer discipline." (Compl.Para.23.) Plaintiff Birdsong filed an employment discrimination charge with the Equal Employment Opportunity Commission ("EEOC") on or about June 11, 2001, alleging that she was treated less favorably than a male officer with respect to discipline relating to a suspension she received in February 2001. The Notice of Right to Sue was issued on August 22, 2001.

Plaintiff Beacham claims that "she was wrongfully disciplined on several occasions, and on one occasion was fired and later rehired." (Compl.Para.24.) She did not file a charge with the EEOC relating to these or any other allegations contained in the Complaint.

Plaintiff Smith alleges that she was put on desk duty while a male officer was not disciplined after both officers were involved in a domestic dispute. She further alleges that when she asked for a hearing, her supervisor informed her that "if she dropped the charges she would be reinstated to an enforcement position;" however, "after dropping the charges, she was terminated and the male officer was never disciplined." (Compl.Para.25.) Plaintiff Smith filed a charge with the EEOC on or about March 15, 2001, alleging that her termination was unlawful discrimination on the basis of race and sex. The EEOC issued a right-to-sue letter on May 23, 2001.

Plaintiff Newberry alleges that her male supervisor conspired with a physician to discourage her from continued employment with Defendant, and that her "male supervisors actively discouraged her from participating in this [Crime Stoppers] program because of her illness." (Compl.Para.26.) Plaintiff Newberry did not file an EEOC charge relating to any of the allegations contained in the Complaint.

Plaintiff Javer asserts she was denied requests for overtime to participate in the D.A.R.E. program, although male officers were granted similar requests. (Comp. Para.28.) Javer did not file an EEOC charge relating to any of the allegations contained in the Complaint.

Plaintiff Winfrey–Crawford alleges that she was injured in an altercation with a suspect but that Defendant believes her injury is psychological and that she should, therefore, be relieved of duty. (Compl.Para.29.) Crawford filed an EEOC charge on or about August 2, 2001, alleging disability discrimination under the Americans with Disabilities Act ("ADA"). Crawford was issued a right-to-sue letter on September 28, 2001. Crawford, however, did not file a claim against the Defendant based on the ADA.

Plaintiff Carson argues that she was "disciplined and suspended on several occasions

without pay dating back to September 2000," while male officers with similar infractions were not disciplined. (Compl.Para.27.) She filed an EEOC charge on or about June 8, 2001, alleging that she was treated differently on the basis of her sex. Carson was issued her right-to-sue letter on January 31, 2002.

Plaintiffs' general allegations in their Complaint include charges that women are discouraged from filing complaints regarding discrimination (Compl.Para.31); evaluations for male and female police officers are conducted differently (Compl.Para.32); female officers are subject to different promotional standards (Compl.Para.33); certain positions are unavailable to female officers (Compl.Para.34); female officers are subjected to different discipline (Compl.Para.35); female officers are "frequently placed in clerical jobs" in contravention of established police policies (Compl.Para.36); and female officers are terminated for offenses that do not result in termination for male officers. (Compl.Para.37.)

**Standard**

The Court will now examine the proposed class in light of the requirements set forth in Rule 23. Rule 23(a) provides:

> Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a). Rule 23(b) provides, in relevant part:

> Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
>
> . . .
>
> (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making

appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

> (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Fed.R.Civ.P. 23(b).

■ A district court must "conduct a 'rigorous analysis' into whether the prerequisites of Rule 23 are met before certifying a class." *In re American Medical Sys., Inc.*, 75 F.3d 1069, 1078–79 (6th Cir.1996) (citing *General Tel. Co. v. Falcon*, 457 U.S. 147, 161, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982)). Although the trial court has broad discretion in deciding whether to certify a class, that discretion must be exercised within the framework of Rule 23. *Id.* at 1079 (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981); *Cross v. National Trust Life Ins. Co.*, 553 F.2d 1026, 1029 (6th Cir. 1977) (explaining that a "district court has broad discretion in determining whether a particular case may proceed as a class action so long as it applies the criteria of Rule 23 correctly")).

■ It is well settled that "[a] class is not maintainable as a class action by virtue of its designation as such in the pleadings. . . .

> 'Mere repetition of the language of Rule 23(a) is not sufficient. There must be an adequate statement of the basic facts to indicate that each requirement of the rule is fulfilled. Maintainability may be determined by the court on the basis of the

pleadings, if sufficient facts are set forth, but ordinarily the determination should be predicated on more information than the pleadings will provide.... The parties should be afforded an opportunity to present evidence on the maintainability of the class action.' "

*Id.* (quoting *Weathers v. Peters Realty Corp.*, 499 F.2d 1197, 1200 (6th Cir.1974) (citation omitted)). It is equally well settled that "[t]he party seeking the class certification bears the burden of proof." *Id.*

■ In order to carry its burden, the moving party must satisfy all four prerequisites of Rule 23(a) *and* "must also demonstrate that it falls within at least one of the subcategories of Rule 23(b)." *Id.* Turning first to the four prerequisites of Rule 23(a), Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed.R.Civ.P. 23(a)(1). "The reason for [the impracticability] requirement is obvious. Only when joinder is impracticable is there a need for a class action device." 1 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions,* § 3.01, at 3–4 (3d ed.1992). Although there is no strict numerical test for determining impracticability of joinder, "[t]he numerosity requirement requires examination of the specific facts of each case and imposes no absolute limitations. When class size reaches substantial proportions, however, the impracticability requirement is usually satisfied by the numbers alone." *American Medical Sys.,* 75 F.3d at 1079 (citations and quotations omitted).

■ Rule 23(a)(2) requires that for certification there must be "questions of law or fact common to the class." Fed.R.Civ.P. 23(a)(2). "The commonality requirement is interdependent with the impracticability of joinder requirement, and the 'tests together form the underlying conceptual basis supporting class actions.' " *American Medical Sys.,* 75 F.3d at 1080 (quoting 1 Newberg, *supra,* § 3.10, at 3–47). In *General Telephone Co. v. Falcon,* 457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982), the Supreme Court explained:

The class-action was designed as an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only. Class relief is peculiarly appropriate when the issues involved are common to the class as a whole and when they turn on questions of law applicable in the same manner to each member of the class. For in such cases, the class-action device saves the resources of both the courts and the parties by permitting an issue potentially affecting every [class member] to be litigated in an economical fashion under Rule 23.

*Id.* at 155, 102 S.Ct. 2364 (quotations omitted). "The commonality test 'is qualitative rather than quantitative, that is, there need be only a single issue common to all members of the class.' " *American Medical Sys.,* 75 F.3d at 1080 (quoting 1 Newberg, *supra,* § 3.10, at 3–50).

**Discussion**

■ In this case, Plaintiffs assert that there are questions of fact and law common to the class. Specifically, Plaintiffs contend that the "sexual discrimination against them in the workplace during their employ with the Defendant" satisfies the commonality requirement. (Pl. Memo. of Law in Support of Satisfaction of the Commonality Requirement at 6.)

Plaintiffs contend that there exist common questions of law and fact in that all Plaintiffs share claims under Title VII, violations of both the 14th Amendment and the Tennessee Human Rights Act and intentional and negligent infliction of emotional distress through the same course of conduct—sexual discrimination by Defendant. Although Plaintiffs concede that the facts surrounding each Plaintiff's allegations are different, they assert that they "share the common issues of sexual discrimination and unequal treatment of the sexes." (Pl. Rule 23 Mot. to Certify Class at 5.) Plaintiff further alleges that all Plaintiffs have suffered some form of disciplinary measures that are different from that imposed upon their male counterparts. Plaintiffs further state that the "unnamed Plaintiffs have described numerous accounts of similarly unequal treatment through demotion and other forms of discipline." (Pl. Rule 23 Mot. to Certify Class at 7.)

In their response, Defendants argue that Plaintiffs have not identified any common questions of law or fact. Specifically, Defendants contend that "Plaintiffs fail to identify a single overriding policy or practice that establishes commonality or typicality among members of a putative class."(Def. Supp. Mem. of Law Concern. the Common. Req. for Class Cert. at 1.) In addition, Defendants argue that to determine whether the City has discriminated against this class necessarily requires an individualized determination for each female police officer currently or formerly employed by the Memphis Police Department.

■■■ Such an inquiry would entail proof of the subjective intent of each purported perpetrator and an independent examination of each action that Plaintiffs allege constitutes discrimination based on sex. When each plaintiff's claim depends on facts and circumstances that are subjective and peculiar to that plaintiff, then class-wide relief is not appropriate. *Sprague v. General Motors Corp.*, 133 F.3d 388, 398 (6th Cir. 1998).

Although there may be questions of fact as to whether a particular Plaintiff was discriminated against, those questions are certainly not common. In fact, as Defendants explain, given the different managers, supervisory chains, decisions, and each Plaintiff's varying history within the Department, this determination would require investigation into hundreds of current or former employees.[1]

As such, the Court finds that Plaintiffs have not demonstrated that the proposed class satisfies the commonality requirement of Rule 23(a)(2). This conclusion is not to say that certain Plaintiffs did not suffer discrimination, or to make light of those claims, but simply that they are not appropriate for class action certification. Accordingly, the Court DENIES the Motion to Certify Class.

The Court now turns to Defendants' Motion to Dismiss on the Pleadings, or, Alternatively for Summary Judgment. For the following reasons, the Court finds that Plaintiff Carson is the only Plaintiff who may proceed in this case.

■■■ In order for federal courts to have subject matter jurisdiction of employment discrimination claims, the claimant must first unsuccessfully pursue administrative relief. *Ang v. Procter & Gamble Co.*, 932 F.2d 540, 545 (6th Cir.1991). 42 U.S.C. Section 2000e–5(e) & (f)(1) requires that individuals who claim they were discriminated against in violation of Title VII must first file charges with the EEOC, receive a Notice of Right to Sue, and file their judicial Complaint within ninety days of receiving such Notice. Plaintiffs Beacham, Newberry and Javer failed to file charges with the EEOC. Plaintiffs Smith and Birdsong did not file their Complaint within ninety days of the issuance of the Notice of Right to Sue. Plaintiff Crawford, conversely, did file a Complaint within ninety days of the issuance of a right-to-sue letter. However, Crawford filed her charge under the ADA, and is therefore barred from maintaining her Title VII action for sex discrimination. Crawford checked the "Disability" box on her EEOC charge, alleging alleged that she was "denied a reasonable accommodation" and further stated, "I believe that I have been discriminated against because of my disability." Alleging discrimination based on sex exceeds Crawford's complaints set forth in her EEOC charges.

■■■ Despite the failure of these Plaintiffs to exhaust the administrative requirements, Plaintiffs assert that they should be allowed to proceed by "piggy-backing" under the single filing rule onto one representative charge that was filed in a timely manner and satisfies the EEOC's administrative requirements. Plaintiffs argue that Plaintiffs Carson and Birdsong filed timely claims and., therefore, serve as representative charges. (Pl. Resp. to Def. Mot. for J. on Pleadings.)

The Sixth Circuit recognized the "single filing rule," which allows the administrative charge of one plaintiff to satisfy the charge filing obligations of other plaintiffs, in the context of a Title VII case in *Equal Employment Opportunity Comm'n v. Wilson Metal Casket Co.*, 24 F.3d 836 (6th Cir.1994).

---

1. Plaintiffs contend that the class contains approximately 220 females who are or were employed by the City of Memphis. (Pl. Mot. to Cert. Class at 4.)

■ Under the single filing rule, the joining of claims must be substantially related to the timely filed claim and arise out of similar discriminatory treatment. *Wilson*, 24 F.3d at 840. Additionally, the Sixth Circuit has adopted a narrower application of the single filing rule, requiring that "[a] charge will be adequate to support piggybacking under the single filing rule if it contains sufficient information to notify prospective defendants of their potential liability and permit the EEOC to attempt informal conciliation of the claims before a lawsuit if filed." *Howlett v. Holiday Inns, Inc.*, 49 F.3d 189, 195 (6th Cir.1995).

As discussed in the preceding section, the record does not support a conclusion that Plaintiffs' claims arise out of similar circumstances. Moreover, none of the charges of Plaintiffs Carson and Birdsong were sufficient to notify the Defendant of its potential liability to multiple claimants. The claims of Plaintiffs Carson and Birdsong are limited to individual instances of sex discrimination and contain no language that the Court interprets as providing notice to the EEOC or Defendant of the intention to bring claims on behalf of others similarly situated. Therefore, the claims of Plaintiffs Carson and Birdsong do not warrant piggybacking of the claims of Plaintiffs Beacham, Newberry, Javer, Crawford and Smith under the single file rule. Accordingly, the claims of Plaintiffs Beacham, Newberry, Javer and Smith are DISMISSED for failure to exhaust their administrative requirements and the claims of Plaintiff Crawford are dismissed for failure to state a claim upon which relief can be granted.

■ The Court next considers the remaining claims of Plaintiffs Birdsong and Carson. Although Plaintiffs concede that Plaintiff Birdsong did not file her judicial Complaint within ninety days of the issuance of the right-to-sue letter, they contend that her filing was timely because of equitable tolling, waiver, and estoppel. The EEOC issued Plaintiff Birdsong's Notice on August 22, 2001. Plaintiff Birdsong filed her Complaint on November 28, 2001. The ninety-day period for filing suit once the EEOC issues the right-to-sue letter begins to run five days after the date on which the EEOC mailed a Notice of Rights to Sue. *Banks v. Rockwell Int'l N. Am. Aircraft Operations*, 855 F.2d 324 (6th Cir.1988).

■ Under 42 U.S.C. § 2000e–5(f)(1), an employee must file a civil action within ninety days of the receipt of the notice of right to sue. The time limits for filing a Title VII action in court under the statute are not jurisdictional and may be tolled. The federal courts only sparingly resort to equitable tolling. *Irwin v. Dept. of Vet. Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). Typically, equitable tolling will apply only when the litigant's failure to satisfy a deadline resulted from circumstances beyond his control. *See Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (*per curiam*).

■ Equitable tolling is only available if a claimant has actively pursued timely judicial remedies or if "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Neal v. Xerox Corp.*, 991 F.Supp. 494, 499 (E.D.Va.1998) (citing *Irwin*). "Equitable tolling, or waiver, ... is available only in compelling cases which justify a departure from established procedures." *Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1488 (6th Cir.1989).

The Sixth Circuit has identified five factors to consider in determining the appropriateness of tolling a limitations period: (1) lack of actual notice, (2) lack of constructive knowledge, (3) diligence in pursuing one's rights, (4) absence of prejudice to the defendant, and (5) plaintiff's reasonableness in remaining ignorant of the requirement. *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir.1998); *E.E.O.C. v. Kentucky State Police Dep't*, 80 F.3d 1086, 1094 (6th Cir.1996). *See also Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir.1988).

■ Plaintiff asserts that her filing requires equitable tolling, waiver or estoppel because of the reliance by Plaintiffs' counsel on communications with Defendant's counsel to obtain a resolution prior to the filing of the suit. The Court finds that this is not a basis

for equitable tolling. Ninety days prior to November 28, 2001 was August 30, 2001. The EEOC issued the right-to-sue letter August 22, 2001. Plaintiff failed to file her complaint in a timely manner and the complaint is time-barred. *Banks v. Rockwell International North American Aircraft Operations,* 855 F.2d 324, 326 (6th Cir.1988); *Hunter v. Stephenson Roofing, Inc.,* 790 F.2d 472, 474 (6th Cir.1986). "Even uncounseled litigants must act within the time provided by statutes and rules." *Truitt v. County of Wayne,* 148 F.3d 644, 647 (6th Cir.1998) (quoting *Williams–Guice v. Board of Educ.,* 45 F.3d 161, 164 (7th Cir.1995)). The Sixth Circuit has upheld the dismissal of similar actions where the plaintiff filed his complaint ninety-one (91) days after receipt of his right to sue letter. *See Peete v. American Standard Graphic,* 885 F.2d 331 (6th Cir.1989).

Plaintiff Carson filed a complaint with the EEOC on June 8, 2001. Carson filed her suit in this Court on November 28, 2001. She received her right-to-sue letter from the EEOC on January 31, 2002, the receipt of which Plaintiff Carson contends cured the premature filing of her complaint. Several courts have held that premature filing of a Title VII action, prior to the later receipt of a notice of right to sue, will not defeat a plaintiff's Title VII claim. *See Wilburn v. The Dial Corp.,* 724 F.Supp. 530 (W.D.Tenn.1989). This Court agrees and accordingly, Plaintiff Carson is allowed to proceed.

## Conclusion

In conclusion, for the reasons stated above the Court DENIES Plaintiffs' Motion to Certify Class and GRANTS Defendants' Motion to Dismiss on the Pleadings, or, Alternatively for Summary Judgment on the claims of Plaintiffs Beacham, Smith, Javer, Newberry, Birdsong, and Crawford. The Court DENIES Defendants' Motion to Dismiss on the Pleadings, or, Alternatively for Summary Judgment for Plaintiff Carson. The only remaining claims in this case are those of Plaintiff Carson.