NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0896n.06
Filed: November 15, 2005

No. 04-2152

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| **Eddie Hopson,** | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | **ON APPEAL FROM THE UNITED** |
| | ) | **STATES DISTRICT COURT FOR** |
| **DaimlerChrysler Corporation,** | ) | **THE EASTERN DISTRICT OF** |
| | ) | **MICHIGAN AT DETROIT** |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

**Before: DAUGHTREY and COLE, Circuit Judges; BARZILAY, Judge.**[*]

**BARZILAY, Judge**. Plaintiff-Appellant Eddie Hopson, Jr., appeals from the district court's

August 19, 2004, order granting Defendant-Appellee DaimlerChrysler Corporation's

("DaimlerChrysler") motion for judgment as a matter of law pursuant to FED. R. CIV. P. 50.

Specifically, Hopson contests the court's dismissal of all but one of his Title VII claims and of all

of his claims under Michigan's Elliott-Larsen Civil Rights Act (ELCRA) in its March 12, 2004,

partial grant of summary judgment for the Defendant. He also challenges the trial court's refusal

to admit the evidence presented by Ethelbert Slater and John Sase, Ph.D. For the reasons stated

below, the district court's judgments are AFFIRMED.

---

[*] The Honorable Judith M. Barzilay, Judge of the United States Court of International
Trade, sitting by designation.

## I. Factual and Procedural Background

Plaintiff-Appellant Hopson, an African-American, has worked with Defendant-Appellee DaimlerChrysler since February 1968. Since mid-1998 he has applied unsuccessfully for numerous job positions within the company. In January 1998, he filed a complaint with the Equal Employment Opportunities Commission (EEOC) alleging race discrimination and brought suit against DaimlerChrysler in the Eastern District of Michigan on August 17, 1999, based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2000e-17, and ELCRA, MICH. COMP. LAWS ANN. § 37.2101.

In his initial complaint, Hopson made a *prima facie* showing of discrimination as required by Title VII according to *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 803 (1973). However, after DaimlerChrysler set forth legitimate, non-discriminatory reasons for its employment decisions, the district court granted the firm summary judgment. It found that Hopson could not provide sufficient evidence to raise a genuine issue of material fact that DaimlerChrysler's justifications amounted to pretexts for race discrimination or retaliation. This Court reversed and remanded the case for trial. *See Hopson v. DaimlerChrysler Corp.*, 306 F.3d 427 (6th Cir. 2002) ("*Hopson I*").

Following remand, Hopson twice amended his complaint to encompass more employment claims. These amendments, along with the dismissal or abandonment of other counts, left ten claims at issue before the lower court. On March 12, 2004, the district court granted partial summary judgment for DaimlerChrysler on all but one Title VII count because Hopson had not exhausted his administrative remedies through the EEOC, thereby denying the court jurisdiction over the claims. The district court also dismissed his ELCRA retaliation claim since Hopson had insufficient evidence to raise a genuine issue of material fact that DaimlerChrysler's employment decisions were

retaliatory.  Before trial, the district court also granted DaimlerChrysler's renewed motion *in limine* to exclude the evidence of Ethelbert Slater and John Sase, Ph.D.

The case then moved to trial on two counts of race discrimination pursuant to Title VII and ELCRA, respectively.  At the close of Hopson's case, the district judge granted DaimlerChrysler's Rule 50 motion for judgment as a matter of law, stating that Hopson had presented no evidence that his inability to secure job positions to which he applied arose from race discrimination.  Hopson now appeals the partial grant of summary judgment for Defendant, the exclusion of the evidence proffered by Ethelbert Slater and John Sase, and the judgment as a matter of law for Defendant.

## II. The Partial Grant of Summary Judgment

This court reviews a district court's grant of summary judgment *de novo*.  *See Killian v. Healthsource Provident Adm'rs, Inc.*, 152 F.3d 514, 520 (6th Cir. 1998).  The Court must examine the evidence in a light most favorable to the nonmoving party to determine whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Noble v. Chrysler Motors Corp., Jeep Div.*, 32 F.3d 997, 999 (6th Cir. 1994) (quoting *Massey v. Exxon Corp.*, 942 F.2d 340, 342 (6th Cir. 1991)) (quotations omitted); *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("[T]he nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial*.") (quotations & citations omitted).  If there exists a genuine issue of material fact – one that "might affect the outcome of the suit under the governing law" – the summary judgment must be overturned.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

3

## A. The Title VII Claims

In its partial grant of summary judgment, the district court accurately noted that "[i]t is well settled that federal courts do not have subject matter jurisdiction to hear Title VII claims unless the claimant explicitly files the claim in an EEOC charge or the claim can be reasonably expected to grow out of the EEOC charge." J.A. 382 (quoting *Doan v. NSK Corp.*, 266 F. Supp. 2d 629, 635 (E.D. Mich. 2003) (citing *Strouss v. Mich. Dep't of Corr.*, 250 F.3d 336, 342 (6th Cir. 2001))); *see* 42 U.S.C. § 2000e-5(e); *EEOC v. Wilson Metal Casket Co.*, 24 F.3d 836, 839 (6th Cir. 1994). In the present case, Hopson filed only one claim with the EEOC and could not "provide[] the court with any reason to conclude that his other race discrimination and retaliation claims could be reasonably expected to grow out of the EEOC charge." J.A. 383. Consequently, the court found that it had no subject matter jurisdiction over any of the Title VII claims except for the one charge Hopson filed with the EEOC.

Hopson asserts that DaimlerChrysler waived its ability to question the district court's subject matter jurisdiction over his Title VII claims because it did not raise the issue during this case's first appeal. *See Final Br. Appellant* at 26. However, lack of subject matter jurisdiction is not a waivable defect and may be raised *sua sponte* at any time during the proceedings.[1] *See Ambrose v. Welch*,

---

[1]In the alternative, Hopson invites the Court to extend the scope of the "single filing rule" set out in *Wilson Metal Casket* Co., 24 F.3d at 839-40. In that case, this Court held that in actions concerning *numerous* employees with the same grievances, "where a substantially related non-filed claim arises out of the same time frame as a timely filed claim, the complainant need not satisfy Title VII's filing requirement to recover. *Id.* at 840. The Court declines this invitation.

4

729 F.2d 1084, 1085 (6th Cir. 1984). Therefore, this Court AFFIRMS the district court's finding that it lacked subject matter jurisdiction over the Title VII claims unrelated to Hopson's EEOC filing.

**B. The ELCRA Claims**

Retaliation claims under ELCRA are subject to the same burden-shifting analysis that applies to Title VII claims. *See Hazle v. Ford Motor Co.*, 628 N.W.2d 515, 521-22 (Mich. 2001). To establish a *prima facie* case for retaliation under the act, a plaintiff must demonstrate by a preponderance of the evidence "(1) that he engaged in activity protected by Title VII; (2) that the exercise of his civil rights was known to the defendant; (3) that, thereafter, the defendant took an employment action adverse to the plaintiff; and (4) that there was a causal connection between the protected activity and the adverse employment action." *Harrison* v. *Metro. Gov't*, 80 F.3d 1107, 1118 (6th Cir. 1996) (citation omitted), *overruled on other grounds by Jackson v. Quanex Corp.*, 191 F.3d 647, 667 (6th Cir. 1999); *see DeFlaviis v. Lord & Taylor, Inc.*, 566 N.W.2d 661, 663-64 (Mich. Ct. App. 1997). If the plaintiff meets this burden, the defendant must present a legitimate, non-discriminatory explanation for its conduct. *See Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981). The burden then returns to the plaintiff, who must then prove by a preponderance of the evidence that the defendant's stated reasons serve as a pretext for retaliation. *See id.*

In its ruling below, the district court found that Hopson could establish a *prima facie* case for retaliation and that the affidavit of David E. Stepaniak presented legitimate, non-discriminatory reasons for DaimlerChrysler's conduct. J.A. 384. However, the court found that Hopson produced no evidence that could substantiate that DaimlerChrysler's claimed reasons for its employment

5

actions constituted a pretext for discrimination. J.A. 384-85. The evidence Hopson presented to the court for this purpose – Slater's opinion, the Sase statistics, and Hopson's employment record – showed race discrimination rather than retaliation and therefore "failed to show that Defendant's proffered reasons for adverse employment actions are pretext to mask *retaliation*[.]" J.A. 385 (emphasis added). Due to this evidentiary inadequacy, the court correctly granted summary judgment for DaimlerChrysler on the ELCRA claims. Accordingly, this Court AFFIRMS the district court's decision.

### III. Evidentiary Exclusion

This Court reviews evidentiary rulings by a district court for abuse of discretion. *Bowman v. Corrs. Corp. of Am.*, 350 F.3d 537, 547 (6th Cir. 2003) (citing *GE Co. v. Joiner*, 522 U.S. 136, 141 (1997); *United States v. Schreane*, 331 F.3d 548, 564 (6th Cir. 2003)). On August 10, 2004, the district court granted DaimlerChrysler's motion to exclude the testimony of Ethelbert Slater and the statistical analyses of John Sase, Ph.D. The judge asserted that Mr. Slater's opinion as set out in his deposition neither bore a connection to the attitudes of the DaimlerChrysler employment decision-maker that affected Hopson, nor stemmed from Mr. Slater's personal knowledge or observations. J.A. 460. "He in fact knew nothing about the filling of the jobs involved." J.A. 460. Similarly, the judge found Mr. Sase's statistical data "wholly inadequate" because they did not "identify the African-American workers qualified for supervisory or managerial jobs" or "identify employees who applied for [the] positions" in question. J.A. 460. By not taking account of non-discriminatory variables, the data are "not the product of reliable principles and methods[.]" J.A. 460.

The Court finds no fault with the district court's decisions. Under the Federal Rules of Evidence, only "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence" may be used in court. FED. R. EVID. 401. Furthermore, what constitutes relevant evidence depends on the nature of the evidence proffered. Opinion testimony by a lay witness, such as Mr. Slater, may only encompass opinions or inferences "(a) rationally based on the perception of the witness [and] (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue[.]" FED. R. EVID. 701. Mr. Slater's testimony does neither. His opinions shed no light upon the attitudes of the relevant DaimlerChrysler decision-makers and, in fact, deal only with his own experience with unrelated employees. Testimony by experts, such as Mr. Sase, must be "based upon sufficient facts or data[,]" and the witness must have "applied the principles and methods reliably to the facts of the case." FED. R. EVID. 702. As the district court explained – and we agree – Mr. Sase's statistics do not pass this test.

Nevertheless, Hopson retorts that this Court's mandate in *Hopson I* "ordered that said testimony [by Messrs. Slater and Sase] be placed before the jury." *Final Br. Appellant* at 37-38, 41-42. While Hopson is correct in that "the trial court is bound to 'proceed in accordance with the mandate and law of the case as established by the appellate court[,]'" the court must first glean the substance of the mandate in question. *Hanover Ins. Co. v. Am. Eng'g Co.*, 105 F.3d 306, 312 (6th Cir. 1997) (quoting *Petition of U.S. Steel Corp.*, 479 F.2d 489, 493 (6th Cir. 1973)). This Court reviews the interpretation of mandates *de novo*. *See United States v. Moore*, 131 F.3d 595, 598 (6th Cir. 1997).

7

Plaintiff-Appellant misconstrues this Court's opinion. *Hopson I* was an appeal from summary judgment for the defendant. 306 F.3d at 428. As such, this Court examined the evidence in a light *most favorable* to Hopson when it determined that the Slater and Sase evidence "give rise to a genuine issue of material fact." *Id.* at 436. At no point did the Court rule on the evidence's admissibility. On the contrary, this Court expressed that "Hopson will have to demonstrate that Slater's opinion is connected to the decision-makers' actual attitudes" to avoid exclusion. *Id.* at 437. Likewise, *Hopson I* "recognize[d] that, on remand, Defendant-Appellee may challenge various aspects of Hopson's statistics." *Id.* at 438. The district court did not abuse its discretion by excluding this evidence at trial, and so we AFFIRM its decision.

## IV. The Judgement as a Matter of Law

This Court reviews motions for judgment as a matter of law *de novo*. *See Estate of Riddle v. S. Farm Bureau Life Ins. Co.*, 421 F.3d 400, 407-08 (6th Cir. 2005) (citing *Bowman*, 350 F.3d at 544). "If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue," a judgment as a matter of law for the opposing party is appropriate. FED. R. CIV. P. 50(a)(1). A court may not grant the motion if reasonable minds could reach different conclusions from the evidence. *See Bowman*, 350 F.3d at 544 (citing *McJunkin Corp. v. Mechs., Inc.*, 888 F.2d 481, 486 (6th Cir. 1989)).

After the district court properly granted DaimlerChrysler the summary judgment and evidentiary exclusions above, Hopson's case-in-chief succeeded only in proving *prima facie* race discrimination and could not muster proof, apart from Hopson's personal opinion, that

DaimlerChrysler's stated reasons for its employment decisions were pretexts for discrimination. The court therefore granted DaimlerChrysler judgment as a matter of law. J.A. 791-93. Because Hopson produced no evidence from which a reasonable jury could have found for the Defendant-Appellee, the district court properly granted the motion. Consequently, this Court AFFIRMS the judgment as a matter of law for DaimlerChrysler.[2]

## V. Conclusion

For the reasons outlined above, it is hereby

ORDERED that the district court's partial grant of summary judgment for DaimlerChrysler is AFFIRMED; it is further

ORDERED that the district court's exclusion of the evidence provided by Ethelbert Slater and John Sase, Ph.D., is AFFIRMED; and it is further

ORDERED that the district court's judgment as a matter of law for DaimlerChrysler is AFFIRMED.

---

[2]In addition to the arguments discussed above, Plaintiff-Appellant avers that the trial court improperly forbade him from presenting the issues of front pay and constructive discharge to the jury as well as providing the jury with special instructions on pattern and practice. *See Final Br. Appellant* at 46, 51. Because this Court affirms the judgment as a matter of law for Defendant-Appellee, these issues are moot. Plaintiff-Appellant also contests the lower court's refusal to admit evidence of pattern and practice. *See Final Br. Appellant* at 51. The court did not abuse its discretion by excluding the evidence. "[T]he pattern-or-practice method of proving discrimination is not available to individual plaintiffs. . . . because it does not address individual hiring decisions[.]" *Bacon v. Honda of Am. Mfg., Inc.*, 370 F.3d 565, 574 (6th Cir. 2004).