**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 23, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DONALD D. REED,

      Plaintiff - Appellee,

vs.

NORMAN Y. MINETA, Secretary of
the Department of Transportation, on
behalf of the United States Department
of Transportation,

      Defendant - Appellant.

No. 05-1057

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 98-N-1298 (MJW))**

---

Submitted on the briefs:[*]

Blain D. Myhre and Theresa L. Corrada, Isaacson, Rosenbaum, P.C., Denver,
Colorado, for Plaintiff - Appellee.

William J. Leone, Acting United States Attorney, and Martha A. Paluch, Assistant
United States Attorney, Denver, Colorado, for Defendant - Appellant.

---

    [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause therefore
is ordered submitted without oral argument.

Before **KELLY**, **HENRY**, and **McCONNELL**, Circuit Judges.

_____

**KELLY**, Circuit Judge.

_____

Defendant-Appellant Federal Aviation Administration (FAA) appeals from the district court's order granting prejudgment interest to Plaintiff-Appellee Donald D. Reed on the back pay portion of his Title VII damage award. Our jurisdiction arises under 28 U.S.C. § 1291, and we reverse and remand for recalculation of prejudgment interest.

## Background

The parties are familiar with the facts in this case, and we need only repeat those pertinent to our discussion here. Mr. Reed was terminated from his position as an air traffic controller with the FAA on July 28, 1995, when he failed to report to work on several Saturdays. After exhausting his administrative appeals, Mr. Reed filed suit in federal district court alleging, *inter alia*, that the FAA violated Title VII by failing to accommodate his religious beliefs and intentionally discriminating against him on the basis of his religion. The jury returned a verdict for Mr. Reed on both claims. In an advisory capacity, the jury awarded him $248,356 in back pay, plus front pay and compensatory damages.

Although the advisory verdict contained a lump sum back pay award, trial

testimony from Mr. Reed's economist established that Mr. Reed's losses accrued from the date of his termination through July 2, 2001, a period of approximately six years. According to his economist, Mr. Reed lost wages of $248,356, consisting of following amounts: $17,342 in 1995; $11,184 in 1996; $0 in 1997 (due to Mr. Reed's temporary reinstatement pending a decision from the Merit Systems Protection Board); $37,883 in 1998; $70,300 in 1999; $75,267 in 2000; and $36,381 in the first six months of 2001.[1] Aplt. App. at 117. The advisory jury awarded $248,356. The district court adopted the jury's advisory award in its initial judgment entered on July 31, 2001.

After judgment was entered, the FAA filed a renewed motion for judgment as a matter of law ("JMOL") and a motion to alter or amend the judgment. Mr. Reed filed a motion pursuant to Fed. R. Civ. P. 60 seeking prejudgment interest. The district court denied the FAA's motion for JMOL, but granted its motion to alter or amend the judgment thereby reducing Mr. Reed's front pay and compensatory damage awards. Finally, the district court denied Mr. Reed's motion for prejudgment interest, holding that his request should have been raised in a Rule 59(e) motion. Final judgment was entered on August 14, 2002.

The FAA appealed from the denial of its JMOL motion and Mr. Reed cross-

---

[1] These amounts actually total $248,357, not $248,356. This $1 difference is, however, immaterial to our consideration of the issue presented here.

appealed from the denial of his motion for prejudgment interest. This court affirmed in part and reversed in part. Reed v. Mineta, 93 Fed. Appx. 195, 200 (10th Cir. 2004). Upholding the denial of JMOL, we reversed the district court's decision to deny Mr. Reed's motion for prejudgment interest without considering the merits of his request, finding that such a decision "amounts to a failure to exercise discretion which is an abuse of discretion." Id.

On remand, Mr. Reed renewed his motion for prejudgment interest on his back pay award. Aplt. App. at 103. Mr. Reed's motion requested "an award of nine percent (9%) per annum, compounded annually (the statutory rate in Colorado) from July 28, 1995 (the date of [Mr.] Reed's discriminatory termination) through July 31, 2001 (the date judgment was entered) . . .". Id. at 108. Attached as an exhibit to his motion, Mr. Reed provided the district court with a table which calculated prejudgment interest on the entire amount of his back pay award, $248,356, starting as of the date of his termination, July 28, 1995.[2] Mr. Reed's method of calculation led to a request for $168,469.97 in

---

[2] The exhibit provided as follows:

CALCULATIONS FOR PREJUDGMENT INTEREST

| YEAR | AMOUNT | INTEREST RATE | INTEREST |
|---|---|---|---|
| 7/28/95-96 | $248,356.00 | 9% | $22,352.04 |
| 7/28/96-97 | $270,708.04 | 9% | $24,363.72 |
| 7/28/97-98 | $295,071.76 | 9% | $26,556.46 |

prejudgment interest. Opposing the motion, the FAA argued that: (1) the appropriate interest rate was 3.6 percent as provided in 28 U.S.C. § 1961; and (2) interest should not be calculated as if Mr. Reed suffered the entire $248,356 loss of wages on July 28, 1995, but rather it should be calculated "periodically over the entire six-year period between [Mr. Reed's] termination and the date of the judgment." Aplt. App. at 113.

The district court granted Mr. Reed's motion and, employing the method of calculation provided by Mr. Reed, awarded prejudgment interest in the amount of $168,469.97. Id. at 128. This appeal followed.

## Discussion

On appeal, the FAA does not take issue with the district court's decision to grant Mr. Reed prejudgment interest or with its decision to use a nine percent rate of interest. Rather, the FAA argues that the district court erred in calculating

| 7/28/98-99 | $321,628.22 | 9% | $28,946.54 |
|---|---|---|---|
| 7/28/99-00 | $350,574.76 | 9% | $31,551.73 |
| 7/28/00-01 | $382,126.49 | 9% | $34,391.38 |
| 7/28/01-7/31/01 | $416,517.87 | 9% | 37,486.61/365 days =$102.70/day x 3 days =$308.10 |
| | | TOTAL | $168,469.97 |

Aplt. App. at 109.

interest on Mr. Reed's entire back pay award from the date of his termination. The FAA maintains that the district court should have calculated the interest in accordance with when Mr. Reed's monetary injuries were actually incurred, i.e., incrementally as his wages would presumably have been earned but unpaid from the date of his termination through entry of judgment.

We review the district court's award of prejudgment interest for an abuse of discretion. See United States v. Crescent Amusement Co., 323 U.S. 173, 185 (1944); Caldwell v. Life Ins. Co. of N. Am., 287 F.3d 1276, 1286 (10th Cir. 2002). Accordingly, we will not reverse the decision of the district court unless it made an "arbitrary, capricious, whimsical, or manifestly unreasonable judgment." Schrier v. Univ. Of Colo., 427 F.3d 1253, 1258 (10th Cir. 2005) (quotation omitted). The abuse of discretion standard includes review to determine that the district court did not commit an error of law by applying an erroneous legal standard. See Winnebago Tribe of Neb. v. Stovall, 341 F.3d 1202, 1205 (10th Cir. 2003).

Our determination of the issue presented here is guided by reference to the purpose for granting prejudgment interest on back pay awards. See Estate of Pitre v. Western Electric Co., 975 F.2d 700, 704 (10th Cir. 1992) ("[T]he district court's exercise of discretion in awarding back pay must be 'measured against the purposes which inform Title VII.'"). Under Title VII, prejudgment interest "is an

element of complete compensation" in back pay awards. Loeffler v. Frank, 486 U.S. 549, 558 (1988) (internal citation and quotations omitted). That is, as Mr. Reed stresses, "prejudgment interest helps to make victims of discrimination whole and compensates them for the true cost of money damages they incurred." E.E.O.C. v. Wilson Metal Casket Co., 24 F.3d 836, 842 (6th Cir. 1994); see also Thomas v. Texas Dep't of Crim. Justice, 297 F.3d 361, 372 (5th Cir. 2002) ("Refusing to award prejudgment interest ignores the time value of money and fails to make the plaintiff whole."). As a general rule, district courts "should calculate interest on back pay and past damages based on the date of the adverse employment action." Thomas, 297 F.3d at 372 (holding that prejudgment interest should start from the date employee would have received her first pay check in the promoted position she was wrongfully denied).

The purpose of making discrimination victims whole is limited, however, by recognition that prejudgment interest does not accrue until the victim actually sustains monetary injury. The Seventh Circuit's opinion in Downes v. Volkswagen of America, Inc., 41 F.3d 1132 (7th Cir 1994), an age discrimination case, is instructive. In Downes, an employee was informed of his impending wrongful termination in June of 1989. Id. at 1144. His termination did not actually take effect, however, until one year later, on July 1, 1990, and he thereafter received one year of severance pay from his employer. Id. As such,

the <u>Downs</u> court concluded that he did not actually suffer monetary loss until his severance pay ended, two years after he was first "injured." <u>Id.</u> (quotation in original). And in turn, the <u>Downs</u> court reversed the trial court, which calculated interest from the date the employee was informed of his impending termination, and held that "the interest period should not [have] start[ed] until the time of actual *monetary injury*, when [the] severance pay ceased." <u>Id.</u> (emphasis added).

Although the <u>Downs</u> court only addressed when the interest period should start, its rationale applies here. The district court calculated prejudgment interest on the entire back pay award starting from the date of Mr. Reed's termination, July 28, 1995. We recognize that Mr. Reed was indeed injured on the date of his termination. He did not, however, actually suffer all $248,356 of monetary injury at that time. Rather, his monetary injuries were incrementally inflicted from the date of his termination through entry of judgment as each pay period passed[3] and Mr. Reed went unpaid. Accordingly, prejudgment interest should have been calculated to coincide therewith. For example, the component of prejudgment interest attributable to the $75,267 in wages lost during 2000 accrues from the date when each portion of that amount would have been due and owing to Mr. Reed in 2000 had he not been the victim of unlawful discrimination. It does not accrue as of July 28, 1995.

---

[3] Mr. Reed's brief suggests he was paid bi-weekly. <u>See</u> Aplee. Br. at 9.

Mr. Reed argues that because the advisory jury awarded a lump sum of back pay and the government did not seek a special interrogatory breaking the award down period by period, the district court was somehow precluded from calculating prejudgment interest from a date other than the date of termination. This is not a case where the advisory jury's rationale is not apparent, following as it does the report of Mr. Reed's economist. Regardless, the district court's award must be based on the evidence and the injury sustained, neither of which support the method of calculation employed by the district court.

Mr. Reed also suggests that we should affirm the prejudgment interest award in part because the time period since judgment was originally entered, more than four years, "has inured greatly to the FAA's benefit, allowing it, in essence, to have a long-term interest-free loan." Aplee. Br. at 22. This argument misses the point. Prejudgment interest, as the term suggests, accrues for the period *before* entry of judgment. Interest after entry of judgment is addressed through postjudgment interest, which accrues on the amount of a damage award, including prejudgment interest, from the date judgment was entered to the date of payment. See Bancamerica Commercial Corp. v. Mosher Steel of Kansas, Inc., 103 F.3d 80, 82 (10th Cir. 1996).

Thus, although we generally afford the district court great discretion in calculating prejudgment interest, it is clear that the district court applied an

erroneous legal standard in its decision to calculate prejudgment interest on Mr. Reed's entire back pay award as of the date of his termination. We therefore remand for recalculation of prejudgment interest on Mr. Reed's back pay award in accordance with this opinion.[4]

      **REVERSED** and **REMANDED**.

---

[4] One method of calculating prejudgment interest here, with the aid of a computerized spreadsheet, is to calculate the future value of each payment (i.e., the amount that Mr. Reed would have been paid bi-weekly) from the date each payment would have been owing to Mr. Reed to the date of judgment and then subtract the original value of each payment. By calculating the future value of a payment and then subtracting the original value of that payment, one is left with only the interest component. The sum of the interest components from each of the foregoing calculations is the total prejudgment interest amount.

Stated differently:

$$\sum \text{Pmt}_1[(1+i)^n-1] + \text{Pmt}_2[(1+i)^{n-1}-1] + \text{Pmt}_3[(1+i)^{n-2}-1] + \ldots$$

Pmt = Amount Mr. Reed would have been paid (i.e., bi-weekly)
i = Interest Rate Per Period
n = Number of Compounding Periods