**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 7, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MICHAEL A. SCHERFFIUS,

Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

Defendant-Appellee.

No. 07-2189
(D.C. No. CIV-05-1046-DJS)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HARTZ**, and **HOLMES**, Circuit Judges.

Michael Armstrong, the attorney for plaintiff Michael Scherffius, appeals

the district court's reduction of his request for attorney fees under 42 U.S.C.

§ 406(b).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]      After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

After the Commissioner of the Social Security Administration denied Mr. Scherffius's application for disability insurance benefits, the attorney who had represented him before the agency declined to pursue further review but suggested that he reapply for benefits with a disability-onset date of August 20, 2005. Mr. Scherffius then entered into a contingent-fee agreement with Mr. Armstrong. Mr. Armstrong filed a complaint in the district court in September 2005, and the parties consented to proceed before a magistrate judge. Mr. Armstrong moved to reverse or remand the agency's decision, arguing that the administrative law judge (ALJ) failed to address medical evidence of Mr. Scherffius's severe mental impairments and that the ALJ's hypothetical questions to a vocational expert did not relate all of Mr. Scherffius's impairments. Apparently persuaded by these arguments, the Commissioner filed a motion to reverse and remand the case for further administrative proceedings, which the district court granted. The court also granted Mr. Scherffius's motion for an award of $5,381.46 in attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA), for Mr. Armstrong's work in the district court.

On remand the Commissioner entered a favorable on-the-record decision on August 31, 2006. Based on an application filed September 20, 2005 (while the district-court case was still pending), the Social Security Administration Appeals Council had found Mr. Scherffius to be disabled as of October 13, 2004. The

August 2006 decision moved the disability date back to December 4, 2001.[1]  The

total amount of the past-due benefits was $60,213, of which the agency withheld

25 percent ($15,053.25) to pay any attorney fees that might properly be awarded

under 42 U.S.C. § 406.

Mr. Armstrong filed a motion in the district court under § 406(b)(1)(A) for

an award of $15,000 in fees for his work before the court.  That statute permits a

reasonable fee to be paid out of a claimant's past-due benefits for work an

attorney performs before the court, not to exceed 25 percent of the past-due

benefits.  The pertinent language states:

> Whenever a court renders a judgment favorable to a claimant
> under this subchapter who was represented before the court by an
> attorney, the court may determine and allow as part of its judgment a
> reasonable fee for such representation, not in excess of 25 percent of
> the total of the past-due benefits to which the claimant is entitled by
> reason of such judgment, and the Commissioner of Social Security
> may . . . certify the amount of such fee for payment to such attorney
> out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A).  The amount Mr. Armstrong requested was based on

the contingent-fee agreement under which Mr. Scherffius had agreed to pay him

25% of any award of past-due benefits.  The motion was supported by

documentation of the 33.9 hours Mr. Armstrong had spent on the case in the

district court and an affidavit stating, among other things, that Mr. Armstrong

generally provided no legal services on an hourly basis.  Mr. Armstrong also

---

[1]     Mr. Scherffius died shortly after the award of benefits.

stated that he did not intend to seek an award under 42 U.S.C. § 406(a) for work performed before the agency (typically $5,300), and he acknowledged his obligation to return to Mr. Scherffius's estate the lesser of his EAJA award or any §406(b) award the court might grant. In a role "resembling that of a trustee" for Mr. Scherffius, *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002), the Commissioner declined to assert a position on the reasonableness of the amount requested. The record does not reflect any position taken by Mr. Scherffius's estate.

The district court granted the motion but reduced the amount of the award. Following *Gisbrecht*'s guidance that "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order," *id.* at 808, the court noted that the case did not involve "novel or difficult issues," that the Commissioner had agreed to a remand after Mr. Armstrong had filed an initial brief, and that the requested sum would result in an hourly rate of $442.48 ($15,000 divided by 33.9 hours). App. at 3. The court awarded $6,780, which would amount to a $200 hourly rate, and directed Mr. Armstrong to return the $5,381.46 EAJA award to Mr. Scherffius's estate. The court viewed as irrelevant Mr. Armstrong's election not to petition for an award under § 406(a) for services at the agency level.

## DISCUSSION

We review the district court's award of attorney fees under § 406(b) for an abuse of discretion. *See McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006); *see also Gisbrecht*, 535 U.S. at 808 (district-court decisions "qualify for highly respectful review"). A district court can abuse its discretion in a number of ways, such as by "applying an erroneous legal standard" or rendering an "arbitrary, capricious, whimsical, or manifestly unreasonable" decision. *Reed v. Mineta*, 438 F.3d 1063, 1066 (10th Cir. 2006) (internal quotation marks omitted).

In *Gisbrecht* the Supreme Court rejected the approach of setting attorney fees under § 406(b) simply by conducting a "lodestar calculation (hours reasonably spent on the case times [a] reasonable hourly rate)," 535 U.S. at 792, a method that this circuit had employed, *see, e.g., Hubbard v. Shalala*, 12 F.3d 946, 948 (10th Cir. 1993). Rather, it recognized "the primacy of lawful attorney-client fee agreements," 535 U.S. at 793, and held "that § 406(b) does not displace contingent-fee agreements within the statutory [25%] ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements," *id.* at 808-09. The Court stated that the attorney "must show that the fee sought is reasonable for the services rendered," and that "§ 406(b) calls for court review of [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. As examples of proper occasions for reducing § 406(b) requests, it mentioned (1) when "the character of

-5-

the representation and the results the representation achieved" were substandard, (2) when "the attorney is responsible for delay" that causes benefits to accrue "during the pendency of the case in court," and (3) when "the benefits are large in comparison to the amount of time counsel spent on the case." *Id.* at 791.

Mr. Armstrong argues that the district court focused on the effective hourly rate resulting from a $15,000 award, thereby applying the lodestar method that *Gisbrecht* rejected. He asserts that the district court should have used the six-factor test applied in *McGuire v. Sullivan*, which considers the "'time and labor required; skill required; contingency of fee; amount involved and result attained; experience, reputation, and ability of attorney; and awards in similar cases.'" 873 F.2d 974, 983 (7th Cir. 1989) (quoting *Blankenship v. Schweiker*, 676 F.2d 116, 118 (4th Cir. 1982)). He asserts that he is a skilled, experienced social-security attorney with a good reputation in the district court, and that he efficiently analyzed the record and filed a successful brief in the district court, obtaining great success for Mr. Scherffius. He further states that the amount he requested is in line with awards in similar cases, even when measured against the effective hourly rate. He also suggests that the district court should have considered the risk of nonpayment in social security cases in general, which he calculates to be 65%, and the risk in this particular case, where Mr. Scherffius's prior counsel had abandoned the case after the administrative denial of benefits; but in district court Mr. Armstrong, although pointing out that he had been

employed under a contingent-fee arrangement, did not argue this 65%-nonpayment factor or make any other argument regarding the risk he faced of not being paid in this case.

We are not persuaded. To begin with, we reject Mr. Armstrong's assertion that the district court solely applied the lodestar method. As we read the court's order, the court first determined that the effective $442 hourly rate would be a windfall for obtaining a voluntary remand in a substantively easy and routine case. Only after rejecting the proposed fee as unreasonable did the court proceed to set a fee that it found reasonable. Basing that fee on the unchallenged hours asserted by Mr. Armstrong and a relatively generous hourly rate was not a violation of *Gisbrecht*'s prohibition against routinely setting fees using a lodestar approach without consideration of the contractual fee. Thus, the court did not abuse its discretion "by applying an erroneous legal standard." *Reed*, 438 F.3d at 1066.

Nor is there any reason to believe that the district court failed to consider any of the proper factors advanced by Mr. Armstrong in support of the proposed fee. Indeed, the court's explicit rejection of the suggestion that it should take into account Mr. Armstrong's decision not to seek fees for legal work before the agency (a rejection not challenged on appeal) implies that it considered Mr. Armstrong's other arguments. And Mr. Armstrong does not argue on appeal that the district court was insufficiently knowledgeable of attorney practice and

fees in its jurisdiction to make an informed decision regarding the value of Mr. Armstrong's services in this case. We see no need in this circumstance for the district court to engage in the empty gesture of stating that it considered the arguments made by Mr. Armstrong before reaching its decision.

Perhaps it would have been helpful if the district court had explained how it arrived at a $200 hourly rate, although doing so would only have provided further opportunity for Mr. Armstrong to complain about a lodestar computation. In any event, Mr. Armstrong, who bore the burden of persuasion regarding the fee amount, made such an explanation problematic because he did not state his normal hourly fee (he swore that he does not provide services on an hourly basis) or provide information on the hourly fees charged by attorneys of like skill on like cases.

In light of the factors suggested by Mr. Armstrong in evaluating a fee request and our duty to be "highly respectful" of the district court's fee decision, *Gisbrecht*, 535 U.S. at 808, we see no abuse of discretion in the fee award in this case.

The judgment of the district court is AFFIRMED.

Entered for the Court


Harris L Hartz
Circuit Judge