**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 23, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MICHAEL BLOUGH,

     Plaintiff - Appellant,

v.

RURAL ELECTRIC COOP, INC., an
Oklahoma corporation; DALE NYE,
individually and as an employee of Rural
Electric Coop, Inc.,

     Defendants - Appellees.

No. 16-6176
(D.C. No. 5:15-CV-00646-L)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **HOLMES**, and **PHILLIPS**, Circuit Judges.
_____

Michael Blough appeals the district court's dismissal of his action for wrongful termination and disability discrimination and the court's denial of his motion for relief from judgment. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.     BACKGROUND

Mr. Blough worked as a lineman for defendant Rural Electric Coop, Inc. (REC).  In 2009, after an injury, he remained an uncompensated REC employee and began receiving long-term disability (LTD) benefits under a plan subject to the Employee Retirement Income Security Act of 1974 (ERISA Plan).  His LTD benefits were terminated some two years later, and in December 2012, REC terminated his employment.  In 2013, he filed an action against a number of defendants, including REC and one of its employees, Dale Nye, who is also a defendant in this action.  Mr. Blough asserted four claims, including an ERISA claim and a wrongful termination claim under Oklahoma law.  The district court ruled in favor of REC and Mr. Nye on the ERISA claim and two other claims but declined to exercise supplemental jurisdiction over the wrongful termination claim and dismissed it without prejudice.

In 2015, Mr. Blough filed another action in which he asserted two claims against REC and Mr. Nye.  In the first claim, he alleged that two months after his LTD benefits were terminated, REC informed him that it did not have any jobs he could perform with his restrictions and eventually terminated his employment and his participation in the ERISA Plan.  Mr. Blough asserted that due to this wrongful termination, he was entitled to "total disability benefits," "other benefits" under the ERISA Plan and "the terms of his employment," and damages.  Aplt. App. at 31.  He asked to "be reinstated as an un-compensated employee of REC . . . [and] as a participant in the [ERISA] plan."  *Id.* (internal quotation marks omitted).  The full

extent of the allegations in his second claim were: (1) "Defendant violated the Americans with Disabilities Act of 1990 (the 'ADA') by failing to provide employment to a position he was qualified to perform, based solely on his disability"; and (2) "Defendant terminated [Mr. Blough] after [he] had applied for another position, therefore, acting in retaliation against [him] and violating the ADA." *Id.* at 31–32. In his prayer for relief, he sought "the amount of past due benefits" he was entitled to under the ERISA Plan, reinstatement "as an uncompensated employee," attorney's fees, costs, and whatever other relief the court deemed "just and proper." *Id.* at 32.

Defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Defendants asked the court to dismiss the first claim in part on the ground of res judicata, arguing that to the extent Mr. Blough sought "total disability benefits" under the ERISA Plan, his claim was adjudicated on the merits in the prior lawsuit. Defendants also sought dismissal of the first claim due to Mr. Blough's failure to plead any theory under Oklahoma law on which his wrongful termination claim was based. Defendants argued that the ADA claim should be dismissed because Mr. Blough had filed his administrative charge of discrimination with the Equal Employment Opportunity Commission beyond a statutory time limit or, in the alternative, because Mr. Blough did not allege sufficient facts to plausibly show he was entitled to ADA relief.

Mr. Blough did not file a response to the motion. Two weeks after his response was due, the district court ruled on the motion. The court first observed that

3

its local rules vested it with the discretion to deem the motion confessed due to Mr. Blough's failure to oppose it. Apparently in the alternative, the court determined, summarily, that the motion had merit and that defendants had established their entitlement to dismissal as a matter of law. Accordingly, the court granted the motion and dismissed the action.

The same day the district court filed its dismissal order, Mr. Blough, through his attorney, filed a motion for relief from the order under Federal Rule of Civil Procedure 60. He argued that defendants' counsel had agreed with his attorney on a two-week extension to file a response to the dismissal motion because his attorney's father was extremely ill and later hospitalized. Despite acknowledging that his attorney had not asked the *court* for a two-week extension, Mr. Blough contended that he had "stated proper arguments to support" the Rule 60 motion and asked the court for permission to file a response to the dismissal motion. *Id.* at 54–55. Defendants responded that regardless of whether their dismissal motion was deemed confessed, Mr. Blough had failed to demonstrate that the motion did not have merit and therefore he was not entitled to Rule 60 relief from judgment.

Mr. Blough filed a reply arguing why the district court was wrong to dismiss his action for failure to state a claim. He first summarily asserted that he had stated a remedy for his wrongful termination claim and that the claim had not been previously adjudicated. He next argued that the timeliness of his ADA charge was a question of fact, and when the court granted the motion to dismiss, it did not have before it deposition testimony from defendant Nye or another REC employee revealing that

4

"[Mr.] Nye had made the sole decision to terminate [Mr. Blough's] employment and not hire him for another job within the company for which he was qualified."  ECF No. 10 at 3–4.[1]  Mr. Blough claimed this was the first time he discovered a discriminatory motive behind the termination of his employment and the refusal to hire him for another job at REC for which he was qualified.  And he suggested that when measured from that date, his ADA charge was timely.  In the alternative, Mr. Blough requested leave to amend if the court determined that he had not adequately pleaded either claim.

In ruling on the Rule 60 motion, the district court first made clear that in its dismissal order, it had concurred with defendants' arguments that Mr. Blough's claim for disability benefits was barred by res judicata, that he failed to adequately plead a state-law wrongful termination claim, and that his ADA claim was both untimely and lacked sufficient facts to state a claim for relief.  Because Mr. Blough did not specify which subsections of Rule 60 he was relying on, the district court analyzed the motion under subsection (b)(1)'s "excusable neglect" ground for relief and subsection (b)(6)'s catch-all ground ("any other reason that justifies relief").  The court determined that Mr. Blough had not demonstrated an entitlement to relief under either ground.  This appeal followed.

---

[1] Our citation is to the district court's docket number.  Contrary to 10th Cir. R. 10.3(D)(2) and 30.1(B)(1), Mr. Blough's appendix does not include his reply in support of his Rule 60(b) motion, but we may take judicial notice of it, *see Guttman v. Khalsa*, 669 F.3d 1101, 1130 n.5 (10th Cir. 2012) (stating that we can take judicial notice of filings in the district court even when they are not included in the record on appeal).

## II. DISCUSSION

### A. Dismissal order

We review de novo an order granting a Rule 12(b)(6) motion to dismiss, accepting the well-pleaded factual allegations as true and construing them most favorably to the plaintiff. *Thomas v. Kaven*, 765 F.3d 1183, 1190 (10th Cir. 2014). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility does not require probability, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Mr. Blough argues that in ruling on the motion to dismiss, the district court improperly relied on material outside of the complaint, namely, an exhibit attached to the dismissal motion and filings in his previous lawsuit against defendants. He argues that this reliance required the district court to convert the dismissal motion to one for summary judgment. *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (explaining that, subject to limited exceptions, a district court must convert a Rule 12(b)(6) motion to one for summary judgment when its ruling relies on documents and matters outside the complaint). We need not resolve this procedural argument. Even where conversion is warranted, any error in failing to convert "is harmless if the dismissal can be justified under Rule 12(b)(6) standards without

6

reference to matters outside of plaintiff's complaint." *Miller v. Glanz*, 948 F.2d 1562, 1566 (10th Cir. 1991). And here, as we proceed to explain, the dismissal can be justified without reference to extra-pleading matters. Indeed, the district court did just that when it ruled in the alternative that Mr. Blough's action should be dismissed because he failed to adequately plead his wrongful termination and ADA claims.[2]

A plaintiff is not required to establish a prima facie case in his complaint to survive Rule 12(b)(6) scrutiny, but "the elements of each alleged cause of action help to determine whether [the] [p]laintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). We therefore look at the elements of each of Mr. Blough's claims when determining if the district court properly ruled that he failed to adequately plead any plausible claims for relief.

First, under Oklahoma law, a wrongful termination claim is viable under a tort theory only "where an [at-will[3]] employee is discharged for refusing to act in violation of an established and well-defined public policy or for performing an act consistent with a clear and compelling public policy." *Burk v. K-Mart Corp.*, 770 P.2d 24, 29 (Okla. 1989). And "to prevail in an action brought for wrongful discharge in violation of Oklahoma's public policy, a plaintiff must first identify an Oklahoma public policy goal that is clear and compelling and articulated in existing

_____

[2] Mr. Blough has not taken issue with the district court's ruling that to the extent he asserted an ERISA claim, it was barred by res judicata. In fact, he conceded as much in his Rule 60(b) reply. *See* ECF No. 10 at 1 ("[A]ll of Plaintiff[']s claims for disability benefits have been adjudicated in a prior case."). We therefore do not address that ruling.

[3] Mr. Blough has never suggested he was not an at-will employee.

7

constitutional, statutory or jurisprudential law." *McCrady v. Okla. Dep't of Pub. Safety*, 122 P.3d 473, 475 (Okla. 2005). Because Mr. Blough did not allege that the termination of his employment violated Oklahoma public policy or even refer to any purported "clear and compelling" Oklahoma public policy goal, he did not meet his pleading burden to frame his "complaint with enough factual matter (taken as true) to suggest that he . . . [was] entitled to relief," *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal quotation marks omitted). We therefore conclude that the district court properly dismissed the wrongful termination claim for failure to state a claim upon which relief can be granted.

Second, to state a prima facie ADA claim, a plaintiff must demonstrate that he "(1) is a disabled person as defined by the ADA; (2) is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) suffered discrimination by an employer or prospective employer because of that disability." *Dewitt v. Sw. Bell Tel. Co.*, 845 F.3d 1299, 1308 (10th Cir. 2017) (internal quotation marks omitted). Mr. Blough did not present sufficient facts to suggest he met any of the elements of a prima facie ADA case. The conclusory allegations, which we described in full above, are only "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," which the Supreme Court rejected as insufficient pleading in *Iqbal*, 556 U.S. at 678.

On appeal, Mr. Blough asserts that he can show the elements of a prima facie case. He also claims he presented "evidence" of unlawful discrimination, Aplt. Opening Br. at 27–28, which we assume comprises several documents in his

8

appellate appendix, including (1) excerpts of depositions taken during the previous lawsuit and (2) exhibits presented in support of a motion for summary judgment in the previous lawsuit. The first problem with this argument is that Mr. Blough did not provide sufficient allegations in his complaint, and it is the sufficiency of the complaint that a Rule 12(b)(6) motion tests. The second problem is that we fail to see where the "evidence" he now identifies was presented to the district court in this case. We therefore may not consider it. *See Allen v. Minnstar, Inc.*, 8 F.3d 1470, 1475 (10th Cir. 1993) (explaining that an appellate court cannot consider portions of depositions not filed or presented to in the district court). Accordingly, we conclude that the district court properly dismissed the ADA claim for failure to plausibly state a claim for relief.

Because we affirm the district court's inadequate-pleading rationale for granting the motion to dismiss, we need not address Mr. Blough's arguments about the district court's other reasons for granting the motion (failure to oppose the motion, untimeliness of the ADA claim).

## B.     Rule 60(b) order

We review the denial of a Rule 60(b) motion for abuse of discretion, "keeping in mind that Rule 60(b) relief is extraordinary and may be granted only in exceptional circumstances." *Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008) (internal quotation marks omitted). Under this standard, we will not reverse a district court's decision unless there was a legal error or the decision was "arbitrary,

9

capricious, whimsical, or manifestly unreasonable." *Reed v. Mineta*, 438 F.3d 1063, 1066 (10th Cir. 2006) (internal quotation marks omitted).

As noted, the district court construed Mr. Blough's Rule 60(b) motion as resting on Rule 60(b)(1)'s "excusable neglect" ground for relief and Rule 60(b)(6)'s catch-all ground ("any other reason that justifies relief"). In analyzing whether there was excusable neglect, the court took account of factors we have set out as relevant: "the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, . . . whether the movant acted in good faith[,]" and the merits of "the moving party's underlying claim." *Jennings v. Rivers*, 394 F.3d 850, 856–57 (10th Cir. 2005) (brackets and internal quotation marks omitted).

Recognizing that "fault in the delay [is] perhaps the most important single factor," *id.* at 856 (brackets and internal quotation marks omitted), the district court first observed that the Rule 60(b) "motion [did] not specifically state that [Mr. Blough's] counsel was herself incapacitated or otherwise unable to file a simple motion for an extension of time to file the response due to the illness of her father," Aplt. App. at 8. The court relied on *Barta v. Long*, 670 F.2d 907, 909–10 (10th Cir. 1982), for the principle that conclusory statements are insufficient to establish excusable neglect, and it found that the motion lacked the detail necessary to make a finding of excusable neglect. The court further found that Mr. Blough's attorney

10

"simply and inexcusably overlooked the filing of a motion" for an extension, Aplt. App. at 8, and so the delay factor "weigh[ed] heavily against granting relief," *id.* at 9.

The district court next decided that defendants would be unfairly prejudiced if Mr. Blough were afforded an opportunity to file a response to the dismissal motion given the already lengthy procedural history between the parties (including the prior lawsuit) and the court's previous, alternative ruling that the motion to dismiss was meritorious. For the same reasons, the court found that the length of the delay, while not strongly favoring denial of relief, would have a substantial effect on the case. The court also determined that although the record did not show plaintiff's counsel had acted in bad faith, the court could not find she had acted in good faith given her "failure to even address the factors the court should consider in granting a [Rule 60] motion." *Id.* And the court reiterated its previous conclusion that dismissal was supported by the record.

The court then observed that relief is warranted under Rule 60(b)(6) only in cases of "unusual or compelling" circumstances or when the denial of relief "offends justice," *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996) (internal quotation marks omitted). The court found nothing unusual, compelling, or offensive to justice in denying the Rule 60 motion because "a party acts through chosen counsel, whose carelessness or ignorance, therefore, generally does not constitute grounds for relief for [her] client," *Sec. Nat'l Bank of Enid v. John Deere Co.*, 927 F.2d 519, 520 (10th Cir. 1991); *see also Pelican Prod. Corp. v. Marino*, 893 F.2d

11

1143, 1147 (10th Cir. 1990) (finding "nothing unfair about requiring a party to be bound by the actions of his attorney-agent").

We see no abuse of discretion in the district court's reasoning. The court applied the appropriate standards in a reasonable manner given the facts before it. In his appellate brief, Mr. Blough describes some additional facts surrounding the illness of his attorney's father, including that his attorney is a solo practitioner whose only office assistant was her niece, and that his attorney's father was critically ill at the time, underwent major surgery, and later passed away. He therefore claims that when his attorney filed the Rule 60(b) motion, she was "grief stricken," "in shock," and "unable to articulate this situation to the District Court." Aplt. Opening Br. at 31. Ordinarily, absent an argument for plain-error review (not made here), we do not consider theories or contentions for reversal raised for the first time on appeal. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1131 (10th Cir. 2011) ("[T]he failure to argue for plain error and its application on appeal . . . surely marks the end of the road for an argument for reversal not first presented to the district court."). In any event, Mr. Blough's attorney was able to articulate a detailed argument in the reply in support of the Rule 60 motion but even then offered nothing to buttress the argument that her neglect was excusable, instead limiting the argument to whether the complaint's allegations were sufficient to withstand Rule 12(b)(6) dismissal. Hence, although we are sympathetic to the situation his attorney faced, we remain of the view that the district court did not abuse its discretion in denying Rule 60(b) relief.

12

Finally, by not challenging the district court's refusal to permit him to amend his complaint, Mr. Blough has waived appellate review of the issue. *See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994) (explaining that issue not raised in opening brief is waived). But even if he had not waived it, he still would not prevail in this appeal. The district court denied amendment because it could not find Rule 60(b)(1) excusable neglect. *See* Aplt. App. at 9. This, combined with the denial of relief under Rule 60(b)(6), comports with the principle that a Rule 60(b) movant seeking a chance to amend a pleading after the dismissal of a case must first show entitlement to relief from the dismissal. *See The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087 (10th Cir. 2005) ("[O]nce judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)." (internal quotation marks omitted)). Having found Rule 60(b) relief unwarranted, the district court did not abuse its discretion in declining to give Mr. Blough a chance to amend his complaint.

## III.  CONCLUSION

The judgment of the district court is affirmed.

Entered for the Court

Jerome A. Holmes
Circuit Judge

13